STATE OF TENNESSEE

# Office of the Attorney General



**JONATHAN SKRMETTI**
ATTORNEY GENERAL AND REPORTER

April 10, 2026

Kelly L. Stephens
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re: *Welty v. Dunaway*, Nos. 25-5738/25-5739

Dear Clerk Stephens:

We write in response to Plaintiffs' letter regarding *Chiles v. Salazar*, 607 U.S. ----, No. 24-539, 2026 WL 872307 (U.S. Mar. 31, 2026). Plaintiffs contend *Chiles*'s First Amendment analysis "resolves this case." Letter at 2. It does not.

*Chiles* does not "resolve[]" Plaintiffs' as-applied challenge, which fails because § 39-15-201(a) does not prohibit Plaintiffs' conduct. *See* First-Br. 39. Plaintiffs may contest that interpretation of Tennessee law, but *Chiles* has no bearing on that dispute.

*Chiles* likewise does not "resolve[]" Plaintiffs' facial challenge. *Chiles* involved an as-applied challenge, and its reasoning is limited to that context. 2026 WL 872307, at *9, *12. *Chiles* thus did not displace the inquiry *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024), requires for facial relief, which Plaintiffs failed to satisfy, *see* First-Br. 36-53. Nor did *Chiles* determine, contrary to *NetChoice*, that there is a viewpoint-discrimination exception to that facial inquiry. *See* Third-Br. 27-28.

1

*Chiles*'s standing analysis does, however, "bear[] on" this appeal, as Plaintiffs acknowledge. Letter at 1 n.1.[1] But that analysis supports Defendants. *Chiles* embraced the same standing test Defendants advance. *Compare Chiles*, 2026 WL 872307, at *5 n.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)), *with* First-Br. 17-36 *and* Third-Br. 3-19. Application of that test here establishes that Plaintiffs, unlike the *Chiles* plaintiff, lack standing. *See* First-Br. 16-36.

*Chiles* also illustrates that, as Defendants argue, the pre-enforcement standing inquiry begins by figuring out what the challenged law proscribes. Third-Br. 4. In *Chiles*, Colorado advanced a new construction of the challenged law that would not have covered the plaintiff. 2026 WL 872307, at *5 n.*. The Court rejected this construction because it was incorrect, *id.*—not because, as Plaintiffs argue, a plaintiff need prove only that a law "arguably" prohibits her conduct for standing purposes, Second-Br. 17.

Respectfully,

/s/ *Madeline W. Clark*
Madeline W. Clark
*Principal Deputy Solicitor General*

*Counsel for Defendant-Appellants*

---

[1] Plaintiffs suggest that standing is an issue in the cross-appeal. Letter at 1 n.1. While this Court has an obligation to assure itself of its jurisdiction in every appeal, standing is an issue only in the principal appeal. *See* First-Br. xv.

**CERTIFICATE OF COMPLIANCE**

This letter complies with Rule 28(j) because its body contains 344 words.  It also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)-(6) because it has been prepared in proportionally spaced typeface using Times New Roman 14-point font in Microsoft Word.

/s/ *Madeline W. Clark*
Madeline W. Clark
*Principal Deputy Solicitor General*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. App. P. 25(d) and 6 Cir. R. 25(f), I certify that a true and exact copy of this letter has been filed via the Court's electronic filing system on April 10, 2026.  That system sends a Notice of Docket Activity to all registered attorneys in this case.  Under 6 Cir. R. 25(f)(1)(A), "[t]his constitutes service on them and no other service is necessary."

/s/ *Madeline W. Clark*
Madeline W. Clark
*Principal Deputy Solicitor General*